UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

LUZ GONZALES,

                               Plaintiff,

            -against-

THE CITY OF NEW YORK DEPARTMENT OF
PARKS AND RECREATION, and ADRIAN BENEPE,
as Commissioner of The City of New York Department
of Parks and Recreation, MICHAEL BLOOMBERG, as
Mayor of The City of New York,

                               Defendants.

---------------------------------------------------------------------- x

**ANSWER**

09 Civ. 2361 (FB)(JMA)

      Defendants by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege as follows:

      1.      Deny the allegations set forth in paragraph "1" of the amended complaint, except admit plaintiff purports to proceed as alleged therein.

      2.      Deny the allegations set forth in paragraph "2" of the amended complaint, except admit plaintiff purports to proceed as alleged therein.

      3.      Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as alleged therein.

      4.      Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that plaintiff alleges venue as set forth therein.

      5.      Admit the allegations set forth in paragraph "5" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the location of plaintiff's residence or her background.

6.     Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that the Department of Parks and Recreation ("DPR") is a New York City mayoral agency.

7.     Admit the allegations set forth in paragraph "7" of the amended complaint.

8.     Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that Adrian Benepe has been Commissioner of DPR since January 25, 2002.

9.     Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that Michael Bloomberg has been Mayor of the City of New York since January 1, 2002.

10.     Deny the allegations set forth in paragraph "10" of the amended complaint, except admit that plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), sworn to on April 2, 2008, and on April 9, 2008, and refer thereto for a complete and accurate statement of its content.

11.     Admit the allegations set forth in paragraph "11" of the amended complaint

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint

13.     Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that the EEOC sent plaintiff a letter, dated March 9, 2009, and refer thereto for a complete and accurate statement of its content and method of delivery.

14.     Deny the allegations set forth in paragraph "14" of the amended complaint, except admit that plaintiff was hired by DPR as a Clerical Associate in 2001 and her duties included entering data into a computerized database.

15. Deny the allegations set forth in paragraph "15" of the amended complaint, except admit that for a period of time plaintiff was assigned to DPR's Flushing Meadow Garage where Michele Griffin was plaintiff's supervisor.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the amended complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the amended complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the amended complaint, except admit that at times plaintiff's duties involved her working in the vicinity of Griffin's office.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the amended complaint.

20. Deny the allegations set forth in paragraph "20" of the amended complaint, except admit that for a time male and female employees often had lunch together in an area located inside the men's locker room.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the amended complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the amended complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the amended complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the amended complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the amended complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the amended complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the amended complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the amended complaint

30.     Deny the allegations set forth in paragraph "30" of the amended complaint.

31.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the amended complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the amended complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the amended complaint, except admit that Beckett spoke to Griffin about Vandermaas's alleged conduct.

34.     Deny the allegations set forth in paragraph "34" of the amended complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the amended complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the amended complaint.

37.     Deny the allegations set forth in paragraph "37" of the amended complaint.

38.     Deny the allegations set forth in paragraph "38" of the amended complaint.

39.     Deny the allegations set forth in paragraph "39" of the amended complaint., except admit that plaintiff spoke with DPR Deputy EEO Officer Judy Poole, on or about January 23, 2008, as a witness in Beckett's internal EEO complaint against Vandermaas.

40.     Deny the allegations set forth in paragraph "40" of the amended complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the amended complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the amended complaint, except admit that plaintiff at times had a provisional civil service status.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the amended complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the amended complaint

45.     Deny the allegations set forth in paragraph "45" of the amended complaint, except admit that DPR issued a directive that only men were permitted to use and/or occupy the men's locker room at the Garage.

46.     Deny the allegations set forth in paragraph "46" of the amended complaint, except admit that plaintiff was directed to report to Olmstead.

47.     Deny the allegations set forth in paragraph "47" of the amended complaint.

48.     Deny the allegations set forth in paragraph "48" of the amended complaint.

49.     Deny the allegations set forth in paragraph "49" of the amended complaint, except refer to the plaintiff's letter, dated March 27, 2009, which was received by DPR's EEO office on or about April 10, 2008, for an accurate statement of its content.

50.     Deny the allegations set forth in paragraph "50" of the amended complaint.

51.     Deny the allegations set forth in paragraph "51" of the amended complaint, except admit that plaintiff was assigned to a different work location while allegations concerning Vandermaas's conduct were investigated.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the amended complaint.

53.     Deny the allegations set forth in paragraph "53" of the amended complaint, except refer to the plaintiff's letter, dated March 27, 2009, which was received by DPR's EEO office on or about April 10, 2008, for an accurate statement of its content.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the amended complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the amended complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the amended complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the amended complaint.

58.     Deny the allegations set forth in paragraph "58" of the amended complaint, except admit that Poole met with plaintiff on or about April 10, 2008, that Poole met with plaintiff in January 2008 as a witness in the investigation concerning Beckett's allegations concerning Vandermaas, and that plaintiff did not file an official complaint of sexual harassment in January 2008.

59.     Deny the allegations set forth in paragraph "59" of the amended complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the amended complaint

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the amended complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the amended complaint, except admit that DPR's records indicate that Vandermaas was arrested on or about April 17, 2008, related to his conduct in the workplace.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the amended complaint, except admit plaintiff received good or very good performance ratings for the period from 2002 through 2005 and refer

to plaintiff's evaluation dated April 15, 2008, for a complete and accurate statement of its content.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the amended complaint.

65.     Deny the allegations set forth in paragraph "65" of the amended complaint, except admit that on or about April 30, 2008, plaintiff met with Assistant Chief of Operations Keith Kerman and others.

66.     Deny the allegations set forth in paragraph "66" of the amended complaint.

67.     Deny the allegations set forth in paragraph "67" of the amended complaint.

68.     Deny the allegations set forth in paragraph "68" of the amended complaint.

69.     Admit the allegations set forth in paragraph "69" of the amended complaint.

70.     Deny the allegations set forth in paragraph "70" of the amended complaint.

71.     In response to the allegations set forth in paragraph "71" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "70" inclusive of their answer.

72.     Deny the allegations set forth in paragraph "72" of the amended complaint, except refer to the statute cited therein for a complete and accurate statement of its content.

73.     Deny the allegations set forth in paragraph "73" of the amended complaint.

74.     In response to the allegations set forth in paragraph "74" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "73" inclusive of their answer.

75.     Deny the allegations set forth in paragraph "75" of the amended complaint, except refer to the statute cited therein for a complete and accurate statement of its content.

76.     Deny the allegations set forth in paragraph "76" of the amended complaint.

77.     In response to the allegations set forth in paragraph "77" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "76" inclusive of their answer.

78.     Deny the allegations set forth in paragraph "78" of the amended complaint, except refer to the statute cited therein for a complete and accurate statement of its content.

79.     Deny the allegations set forth in paragraph "79" of the amended complaint.

80.     Deny the allegations set forth in paragraph "80" of the amended complaint, except admit that plaintiff purports to proceed as alleged therein.

81.     In response to the allegations set forth in paragraph "81" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "80" inclusive of their answer.

82.     Deny the allegations set forth in paragraph "82" of the amended complaint, except refer to the statute cited therein for a complete and accurate statement of its content.

83.     Deny the allegations set forth in paragraph "83" of the amended complaint.

84.     In response to the allegations set forth in paragraph "84" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "83" inclusive of their answer.

85.     Deny the allegations set forth in paragraph "85" of the amended complaint, except refer to the statute cited therein for a complete and accurate statement of its content.

86.     Deny the allegations set forth in paragraph "86" of the amended complaint.

87.     Deny the allegations set forth in paragraph "87" of the amended complaint, except admit that plaintiff purports to proceed as alleged therein

88.     In response to the allegations set forth in paragraph "88" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "87" inclusive of their answer.

89.     Deny the allegations set forth in paragraph "89" of the amended complaint, except refer to the statute cited therein for a complete and accurate statement of its content.

90.     Deny the allegations set forth in paragraph "90" of the amended complaint.

91.    Deny the allegations set forth in paragraph "91" of the amended complaint, except admit that plaintiff purports to proceed as alleged therein.

92.    In response to the allegations set forth in paragraph "92" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "91" inclusive of their answer.

93.    Deny the allegations set forth in paragraph "93" of the amended complaint, except refer to the statute cited therein for a complete and accurate statement of its content.

94.    Deny the allegations set forth in paragraph "94" of the amended complaint.

95.    Deny the allegations set forth in paragraph "95" of the amended complaint, except admit that plaintiff purports to proceed as alleged therein..

96.    Deny the allegations set forth in paragraph "96" of the amended complaint.

## FOR A FIRST DEFENSE:

97.    The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND DEFENSE:

98.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably, properly, lawfully and in good faith.

## FOR A THIRD DEFENSE:

99.    Defendants exercised reasonable care to prevent and promptly eliminate any sexually harassing behavior.

- 11 -

**FOR A FOURTH DEFENSE:**

100.    Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by defendants or to otherwise avoid harm.

**FOR A FIFTH DEFENSE:**

101.    Plaintiff failed to satisfy her duty to mitigate her damages, if any.

**WHEREFORE,** defendants request judgment dismissing the amended complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            September 11, 2009

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-197
                                        New York, New York 10007
                                        (212) 788-0781

                            By:      _____
                                        EAMONN F. FOLEY
                                        Assistant Corporation Counsel